**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN R. GREEN, in his capacity as trustee of the Steven R. Green Living Trust Dated July 10, 2000,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE, and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. 20cv1046-LAB-AGS<br><br>**ORDER:**<br><br>**1) GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART MOTION TO DISMISS [Dkt. 10]; and**<br><br>**2) DIRECTING PLAINTIFF TO SHOW CAUSE** |

Plaintiff Steven R. Green, in his capacity as trustee of the Steven R. Green Living Trust Dated July 10, 2000, owns a ranch in the Cleveland National Forest.[1] Only one road, McCoy Ranch Road, offers access to his property. But after the United States Forest Service (the "Forest Service") purchased the land under the road, the road fell into disrepair, and he lost the ability to access his property with an ordinary vehicle.

Green asked the Forest Service to repair the road, but was told that,

---

[1] For the purposes of a motion to dismiss for failure to state a claim, the Court accepts the well-pleaded allegations of the Complaint as true. *South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 782 (9th Cir. 2008).

because the road was not in its Forest Road System, the Forest Service couldn't allocate funds to repair it. The Forest Service then granted Green's neighbor a permit to maintain all but a 135-yard stretch of the road, which it stated could not be maintained without a special use permit due to environmental and archaeological concerns.

The Forest Service sought to bring McCoy Ranch Road into the Forest Road System, telling Green that, once it completed that process, it would maintain the remaining stretch of road to a standard that would neither accommodate passenger cars nor be passable during periods of inclement weather. It told him further that if he wanted to maintain the road to a higher standard, he would need to apply for a special use permit.

Green didn't apply for that permit and instead filed the Complaint in this action, alleging that the Forest Service had taken his property in violation of the Fifth Amendment and violated his property rights without affording him procedural due process. The Complaint also includes a claim purporting to seek relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. Defendant United States of America ("Defendant") moved to dismiss Green's claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

As discussed below, the Motion is **GRANTED IN PART** as to Green's Fifth Amendment takings claim and his Declaratory Judgment Act claim. It is **DENIED WITHOUT PREJUDICE** as to his due process claim, and Green is **ORDERED TO SHOW CAUSE** why that claim should not be dismissed for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

Federal courts have limited subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) calls on the Court to evaluate whether the plaintiff's claims fall within that jurisdiction. The plaintiff bears the burden of

showing that they do. *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F,3d 1189, 1197 (9th Cir. 2008).

A Rule 12(b)(6) motion to dismiss, on the other hand, places the burden on the movant and tests whether the pleading provides "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal marks and citation omitted). The required short and plain statement "does not need detailed factual allegations," only "factual allegations . . . enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (internal marks and citations omitted). The Court must make all reasonable inferences that can be made in the plaintiff's favor. *Dahlia v. Rodriguez*, 735 F.3d 1060, 1066 (9th Cir. 2013).

If the defendant can't be liable, even after making those inferences and accepting the pleading's allegations as true, the pleading does not "show[] that the pleader is entitled to relief," and so the Court must dismiss it. *See Twombly*, 550 U.S. at 555.

The Court may also grant a motion to dismiss where the non-movant fails to oppose it. *See* CivLR 7.1(f)(3)(c).

## DISCUSSION

### I. Green Fails to State a Claim under the Takings Clause

Green first seeks injunctive relief under the Fifth Amendment's Takings Clause, which "proscribes taking [private property] without just compensation." *Williamson Cty. Regional Planning Com'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985), *overruled on other grounds by Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019). Because the Takings Clause protects only the right to *compensation* for a taking of private property for public use, "[e]quitable

relief is not available to enjoin [such a] taking." *Ruckelshaus v. Monsanto*, 467 U.S. 986, 1016 (1984).  A takings claim that seeks only injunctive relief must be dismissed under Fed. R. Civ. P. 12(b)(6).

Green seeks only injunctive relief in connection with his takings claim, and he offers no argument in opposition to Defendant's motion to dismiss this claim.  The Motion is **GRANTED** as to Green's Takings Clause claim, which is **DISMISSED WITHOUT PREJUDICE BUT WITH LEAVE TO AMEND**.  If Green responds to the order to show cause discussed below by filing an amended complaint, his takings claim may be amended by the same deadline.  Otherwise, Green may file an amended pleading no later than 14 days after the Court resolves the order to show cause discussed below.

## II. The Court Doesn't Appear to Have Jurisdiction over Green's Procedural Due Process Claim

Defendant next asks the Court to dismiss Green's claim for violation of procedural due process, arguing that the claim is derivative of his Takings Clause claim and so must be dismissed.  The Court has subject matter jurisdiction over a claim for violation of procedural due process so long as the plaintiff alleges facts sufficient to state such a violation. *Anderson v. Babbitt*, 230 F.3d 1158, 1163 (9th Cir. 2000).

Defendant argues only that *substantive* due process claims for harm arising from governmental interference with private property interests are barred by the Takings Clause, because such claims are "addressed by the explicit textual provisions of [that Clause]." *Madison v. Graham*, 316 F.3d 867, 871 (9th Cir. 2002); *see also Ventura Mobilhome Communities Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1054 (9th Cir. 2004).  That premise does not hold for procedural due process claims, which "[are] not rooted in the notions of adequate compensation and economic restitution but [are] based on . . . an expectation that the system is fair and has provided an

adequate forum for the aggrieved to air his grievance." *Weinberg v. Whatcom County*, 241 F.3d 746, 752 (9th Cir. 2001).

But an additional problem remains—one that the parties didn't brief. To state a violation of procedural due process, and thus establish subject matter jurisdiction, the Complaint must allege "two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Green's Complaint appears to fail to allege the second element.

He alleges that Defendant's refusal to allow him to maintain McCoy Ranch Road deprived him of his right to access his property, and he argues that he "received neither notice nor an opportunity to be heard regarding Defendants' deprivation of his right to access [his property]." (Dkt. 1 ¶ 114). But he acknowledges that he would be able to maintain McCoy Ranch Road, and so access his property, if he received a special use permit. (*Id.* ¶ 92). And he doesn't allege that he ever applied for a permit.

Instead, he explains that Defendant has already told him that it will not grant the permit, so applying for it would be futile. That contention is at odds with his own allegations. Defendant allegedly stated that it "considers the road to provide reasonable access to the property" and that, if it added the road to its Forest Road System, Defendant itself would maintain the road only to a level that "[m]ay not be passable during periods of inclement weather" and would not accommodate "passenger car traffic." (*Id.* ¶ 91). But the same communication informed Green that a special use permit would allow Green himself to maintain the road "to a higher standard." (*Id.* ¶ 92). This does not indicate, as Green concludes, that Defendant had determined that no further maintenance would be allowed. Instead, Defendant gave Green notice that Defendant intended to maintain McCoy Ranch Road to a certain level and that

he would need to seek a special use permit to maintain it himself. And it offered Green the opportunity to be heard in the form of the permit application process, but he declined that opportunity.

The Court doubts that it has subject matter jurisdiction, but not for the reasons addressed in the briefing. The Motion to Dismiss is **DENIED WITHOUT PREJUDICE**. Green is **ORDERED TO SHOW CAUSE** why the Court should not dismiss his procedural due process claim for the reasons described above. He may do so by filing a brief no longer than five pages or an amended pleading on or before **March 28, 2022**. If Green responds with a brief, Defendant may file a responsive brief no longer than four pages on or before **April 4, 2022**.

### III. Declaratory Relief

Finally, the Complaint includes a claim purportedly under the Declaratory Judgment Act, 28 U.S.C. § 2201. As Defendant argues, that statute does not support a standalone claim, but instead provides a remedy for other claims. Green offers no opposition to the dismissal of the Complaint's Declaratory Judgment Act claim. The Motion to Dismiss is **GRANTED** as to that claim, which is **DISMISSED WITH PREJUDICE**.[2]

### CONCLUSION

Green's Takings Clause claim seeks relief not available to redress a violation of that Clause, so the Motion to Dismiss is **GRANTED IN PART** as to that claim, which is **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(6). The Declaratory Judgment Act doesn't establish a claim at all, but a remedy, so Green's Declaratory Judgment Act claim is **DISMISSED WITH PREJUDICE** under the same Rule.

---

[2] The Court does not decide whether Green may rely on the Declaratory Judgment Act to seek the remedies provided by that statute in connection with his other claims.

The Motion is **DENIED IN PART** and **WITHOUT PREJUDICE** as to Green's procedural due process claim. Green is **ORDERED TO SHOW CAUSE** why that claim should not be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Dated: March 15, 2022

**HON. LARRY ALAN BURNS**
United States District Judge