UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. GREEN, in his capacity as trustee of the Steven R. Green Living Trust Dated July 10, 2000,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES FOREST SERVICE, and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. 20cv1046-LAB-AGS<br><br>**ORDER SUA SPONTE DISMISSING COMPLAINT** |

Steven R. Green ("Green") owns a ranch in the Cleveland National Forest that is accessible only through McCoy Ranch Road, owned by the United States Forest Service ("Forest Service"). (Dkt. 1 ¶ 10). After the road deteriorated due to inclement weather, public use, and a lack of functioning drainage features, Green and his neighbor asked the Forest Service to repair it. (*Id.* ¶¶ 25–30). Green's neighbor was granted an emergency repair permit to maintain all but the last 135-yard stretch of the road before Green's property. (*Id.* ¶¶ 55, 74). This stretch of road was distinguished by the Forest Service because of "archeological concerns" that first needed to undergo an

-1-

"environmental review." (*Id.* ¶¶ 55, 85). The Forest Service then set out about conducting the environmental assessment of the surrounding area. (*Id.* ¶¶ 85–87).

In December 2019, the Forest Service communicated that it intended to add McCoy Ranch Road to the Forest Road System, classifying it as a "Maintenance Level 2" road. (*Id.* ¶ 91). The Forest Service also notified Green that he could apply for a special use permit if he wished to maintain this portion of the road at a higher maintenance level. (*Id.* ¶ 92). Green didn't do so, but instead filed this action.

On March 15, 2022, this Court issued an order to show cause why this claim should not be dismissed due to lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Dkt. 14). Green responded to the order on March 28, 2022, (Dkt. 15), but the Court remains unpersuaded that subject matter jurisdiction has been established. For the reasons outlined below, the Court **DISMISSES** Green's procedural due process claim.

## ANALYSIS

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a plaintiff must allege sufficient facts for the Court to have subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). The Due Process Clause of the Fourteenth Amendment states that the government may not deprive an individual of "life, liberty, or property, without due process of law, nor shall private property be taken for public use without just compensation." U.S. Const. Amend. XIV. To allege a Due Process violation under the 14th Amendment, plaintiffs must sufficiently claim that there was "(1) a deprivation of a constitutionally protected property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. Of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Adequate procedural protections include providing the owner of said interest both notice and an opportunity to be heard. *Mathews v. Eldridge*,

424 U.S. 319, 348 (1976).

In his response to the order to show cause, Green argues that he was denied both notice and an opportunity to be heard due to the Forest Service's "bad faith tactics" in causing "delay after delay" in the administrative process of repairing the road, which he believes was for the purpose of "prevent[ing] [him] from maintaining his road." (Dkt. 15 at 5). He contends that further administrative review is "futile," and that his interest in an immediate judicial review outweighs the government's interest in efficiency and administrative autonomy. (Dkt. 15 at 5) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). But Green's factual allegations support the opposite conclusion.

The Forest Service provided Green with plenty of notice as to the outstanding issues associated with maintaining the last 135-yard section of the road. Green was first made aware of the "archeological concerns" and need for an environmental assessment of McCoy Ranch Road back in March 2019, when the Forest Service offered the limited emergency repair permit to Green's neighbor. (Dkt. 1 ¶ 55). The Forest Service then offered Green the opportunity to apply for the special use permit after the road was designated as "Maintenance Level 2." (*Id.* ¶ 91). They also provided Green with the opportunity to be heard numerous times, meeting on multiple occasions and maintaining an open line of communication via email whereby Green was able to express his concerns. (*Id.* ¶¶ 50, 55). Inviting Green to apply for the special use permit then provided him with a more formal opportunity to argue his case, but he declined. (*Id.* ¶ 91).

Green hasn't allayed the Court's previously stated concern that the "contention [of futility] is at odds with [Green's] own allegations." (*See* Dkt. 14 at 5). In his brief, Green argues that individuals are "not required indefinitely to await a decision . . . before applying to a federal court," see *Smith v. Illinois Bell Tel. Co.*, 270 U.S. 587, 591 (1926), but Green hasn't been left waiting. He

concedes that he was invited to take the next step in securing a final decision, and instead declined the opportunity to exhaust his administrative options by filing this complaint. (Dkt. 1 ¶ 92).

"District courts need not condone the use of discovery to engage in 'fishing expeditions.'" *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) (citing *Exxon Corp. v. Crosby-Mississippi Resources, Ltd.*, 40 F.3d 1474, 1487 (5th Cir. 1995)). The Complaint hasn't plausibly alleged that the Forest Service had already decided not to grant Green a permit or that the review process was futile, and Green can't now use the discovery process to survive these pleading deficiencies. *See id*.

## CONCLUSION

Because Green has failed to show cause why his procedural Due Process claim should not be dismissed for lack of subject matter jurisdiction, that claim is **DISMISSED**. Additionally, the Court previously dismissed Green's Fifth Amendment Takings Clause claim without prejudice but permitted him to "file an amended pleading no later than 14 days after the Court resolves the order to show cause." (Dkt. 14 at 4). Green has **fourteen (14) days** from the date of this Order to file an amended pleading as to his Takings Clause claim. If Green wishes to amend his Due Process claim, he must seek leave of Court by the same date.

**IT IS SO ORDERED.**

Dated: June 28, 2022

Hon. Larry Alan Burns
United States District Judge