UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. GREEN, in his capacity as trustee of the Steven R. Green Living Trust Dated July 10, 2000,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 20-cv-1046-LAB-AGS<br><br>**ORDER:**<br><br>**1) GRANTING EX PARTE MOTION FOR EXTENSION OF TIME, [Dkt. 18];**<br><br>**2) GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, [Dkt. 20]; and**<br><br>**3) DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT AS MOOT, [Dkt. 21].** |

I.   INTRODUCTION AND BACKGROUND

Plaintiff Steven R. Green owns a ranch in Cleveland National Forest. His property is only accessible via McCoy Ranch Road, which runs over land now owned by the United States Forest Service (the "Forest Service"). (Dkt. 20-2, Proposed Second Amended Complaint ("SAC") ¶¶ 12, 24). Since purchasing his property in 2001, Green has used and maintained McCoy Ranch Road to access

his land. (*Id.* ¶¶ 47–49, 120–22). After the Forest Service purchased the land beneath McCoy Ranch Road, the road deteriorated due to inclement weather, public use, and poor drainage. (*Id.* ¶¶ 27–32, 37). Green and his neighbor sought the ability to maintain the road, but were told by the Forest Service they would need a permit to perform any maintenance. (*Id.* ¶¶ 50–52). Green's neighbor was eventually granted an emergency permit to maintain all but the last 135 yards of the road leading to Green's property, which were excluded due to archaeological concerns. (*Id.* ¶¶ 62, 81, 89, 92).

In early December 2019, Forest Service employees decided to add McCoy Ranch Road to the Forest Road System as a "Maintenance Level 2" road. (*Id.* ¶ 134). On December 18, 2019—after the decision was final—the Forest Service informed Green it was considering taking this step. (*Id.* ¶ 98). As a Maintenance Level 2 road, McCoy Ranch Road will be maintained to a standard not suitable for passenger cars and not passable during inclement weather. (*Id.*). The Forest Service notified Green that he could apply for a special use permit to maintain the road to a higher standard. (*Id.* ¶ 99). Green didn't apply for a permit and instead filed this action. (Dkt. 1).

Green's initial Complaint alleged the Forest Service engaged in an illegal taking in violation of the Fifth Amendment's Takings Clause and violated Due Process by depriving him of a constitutionally protected interest without adequate procedural protections. He also sought relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.

On March 15, 2022, the Court dismissed Green's Takings Clause and Declaratory Judgment Act claims, but gave Green leave to amend his Takings Clause claim. (Dkt. 14). The Court also ordered him to show cause why his Due Process claim shouldn't be dismissed for lack of subject matter jurisdiction by filing either an amended complaint or a brief. (*Id.* at 6). Green responded by submitting a brief. (Dkt. 15).

On July 28, 2022, the Court dismissed Green's Due Process claim and set August 11, 2022, as the deadline for Green to file both: (1) a First Amended Complaint ("FAC") amending his Takings Clause claim, and (2) a motion for leave to amend his procedural Due Process claim. (Dkt. 17 at 4). Green filed an *ex parte* request for a 7-day extension,[1] (Dkt. 18), and filed his FAC and motion for leave to file amended complaint ("Motion for Leave") on August 18, 2022, (Dkt. 19, 20). The Forest Service filed a motion to dismiss the FAC ("Motion to Dismiss") on August 25, 2022. (Dkt. 21).

Having considered the parties' submissions and the relevant law, the Court **GRANTS** Green's Motion for Leave and **DENIES AS MOOT** the Forest Service's Motion to Dismiss.

## II. DISCUSSION

### A. Leave to Amend

Green seeks leave to file a Second Amended Complaint ("SAC") to add additional factual allegations to support his procedural Due Process claim. (*See* SAC ¶¶ 5–6, 101–35). The Forest Service opposes amendment, arguing Green declined an earlier opportunity to amend and, regardless, that his claims are legally futile. (Dkt. 22 at 1–3). Green amended his Takings Clause claim in his FAC and now seeks leave to further amend only his procedural Due Process claim. (*See* Dkt. 20-1 at 7).

#### 1. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that "court[s] should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Hall v. City of L.A.*, 697 F.3d 1059, 1072 (9th Cir. 2012). Leave to amend under Rule 15(a) should be given with "extreme liberality." *Morongo*

---

[1] Green's *ex parte* request for a 7-day extension of time to file amended pleadings is unopposed, and Green filed his FAC and Motion for Leave on August 18, 2022. (Dkt. 18, 19, 20). For good cause shown, Green's *ex parte* motion is **GRANTED**.

*Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). When deciding whether to grant leave to amend, courts consider five factors: undue delay, bad faith on the part of the movant, undue prejudice to the opposing party, whether the plaintiff has previously amended the complaint, and futility of amendment. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing factors). The most important of these factors is prejudice to the opposing party. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Undue prejudice exists when the amended pleading surprises the opposing party with new allegations or new legal theories requiring additional discovery. *See, e.g.*, *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398–99 (9th Cir. 1986) (affirming denial of leave to amend when amendment required additional discovery); *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387–88 (9th Cir. 1990) (holding party opposing amendment would be unduly prejudiced by new claims "advanc[ing] different legal theories" and "requir[ing] proof of different facts").

The party opposing amendment bears the burden of show why leave should be denied. *See DCD Programs, Ltd. v. Leighton*, 866 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052 (emphasis in original).

### 2. Analysis

The Court considers the several *Foman* factors in turn. First, Green's Motion wasn't unduly delayed. The Court dismissed Green's original claims and set a date to file both a FAC amending his Takings Clause claim and a motion for leave to amend his procedural Due Process claim. (Dkt. 14, 17 at 4). Green's Motion was timely filed. Additionally, there no evidence of bad faith by Green, nor any indication the proposed SAC will unduly prejudice the Forest Service. The SAC alleges the same claims as the original Complaint and the FAC, doesn't advance

new legal theories, and won't require additional discovery.

Additionally, this is Green's first opportunity to amend his Due Process claim. The Forest Service argues Green's Motion for Leave should be denied because he "declined" an earlier opportunity to amend that claim. (Dkt. 22 at 1). Although Green amended his complaint once before, the Court required him to seek leave before amending his Due Process claim. The SAC will be the first amendment to that claim.

The Court also finds that amendment here isn't futile. Leave to amend may be denied "if the proposed amendment is futile." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). "A claim is considered futile and leave to amend [it] shall not be given if there is no set of facts which can be proved under the amendment which would constitute a valid claim." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 538–39 (N.D. Cal. 2003) (*citing Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988)). "Denial of leave to amend on this ground is rare." *Id.* at 539. To allege a valid Due Process claim under the Fourteenth Amendment, a complaint must set forth facts plausibly suggesting that there was "(1) a deprivation of a constitutionally protected property interest, and (2) a denial of adequate procedural protections," *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998), such as notice and an opportunity to be heard, *see Mathews v. Eldridge*, 424 U.S. 319, 348 (1976).

Here, the Forest Service contends the SAC continues to allege facts demonstrating that Green was provided notice and an opportunity to be heard on issues related to maintaining the last 135 yards of McCoy Ranch Road. (Dkt. 22 at 3–4). But this argument ignores the point of Green's proposed amendments. He isn't claiming a Due Process violation related to the final 135 yards of McCoy Ranch Road. Instead, he is alleging he was denied adequate procedural protections for two reasons:

(1) Defendant's newly created requirement to obtain a

> permit to maintain the road to Plaintiff's land even though no such requirement existed when Plaintiff originally purchased the property in 2001; and (2) Defendant's decision that a key portion of the road to Plaintiff's land is a "maintenance level 2" road—making the road not suitable for passenger cars.

(SAC ¶ 127). The SAC adds new factual allegations to support Green's claims. (*See id.* ¶¶ 5–6, 47–51, 101–35). Specifically, Green alleges he was provided neither notice nor an opportunity to be heard on the decision to require a permit to maintain McCoy Ranch Road. (*Id.* ¶¶ 50–51). He also maintains that the Forest Service finalized its decision to classify the road as Maintenance Level 2 before notifying him it was considering that step. (*Id.* ¶ 134). These allegations provide a "set of facts which," if proven, "would constitute a valid claim." *Netbula*, 212 F.R.D. at 539.

As to the permit requirement, Green alleges he purchased his property in 2001 and subsequently used and maintained McCoy Ranch Road for approximately twenty years before the Forest Service purchased the land over which the road runs. (SAC ¶¶ 47–49, 120–22). From these facts, he claims he has a constitutionally protected interest in using and maintaining the road without a permit and that requiring one now deprives him of that interest. (*Id.* ¶¶ 120–125; Dkt. 26 at 5). Green alleges he first learned of the permitting requirement only *after* the decision to require a permit was final. (SAC ¶¶ 50–51). The SAC also alleges Green wasn't provided an opportunity to be heard on the permitting requirement. (*Id.* ¶ 129). These facts allege a deprivation of a constitutionally protected interest without notice or an opportunity to be heard and, if proven, constitute a valid Due Process claim.

As to the decision to classify a portion of McCoy Ranch Road as Maintenance Level 2, Green asserts a constitutionally protected interest in accessing his property via the road. (*Id.* ¶¶ 120–25). He claims he is deprived of

that interest by the maintenance level classification because Maintenance Level 2 roads are "not suitable for passenger cars" and "may not be passable during periods of inclement weather." (*Id.* ¶ 135). While the SAC repeats the original Complaint's allegations that, on December 18, 2019, the Forest Service informed Green it was considering classifying a portion of McCoy Ranch Road as a Maintenance Level 2 road and that he could apply for a special use permit to maintain the road to a higher standard, (*id.* ¶¶ 98–99, 135), it also adds allegations that Forest Service employees exchanged emails demonstrating the classification decision was made *before* providing Green notice or an opportunity to be heard, (*id.* ¶ 134). If proven, this new allegation constitutes a valid Due Process claim.

The SAC addresses the deficiencies identified in the Court's July 28, 2022 Order dismissing Green's Due Process claim and alleges sufficient facts to constitute a valid claim. (Dkt. 17); *Netbula*, 212 F.R.D. at 538–39. The amendment isn't futile. The Forest Service hasn't met its burden to show why leave to amend should be denied, nor has it sufficiently demonstrated how amendment would be futile in this case. *See DCD*, 866 F.2d at 187. Green's Motion for Leave is **GRANTED**. (Dkt. 20).

B.     **Motion to Dismiss**

Having granted Green's Motion for Leave, the FAC is no longer the operative pleading in this case. The Forest Service's Motion to Dismiss the FAC is **DENIED AS MOOT**. (Dkt. 21).

//
//
//
//
//
//
//

### III. CONCLUSION

Green's Motion for Leave is **GRANTED** and the Forest Service's Motion to Dismiss is **DENIED AS MOOT**. For the convenience of the parties and the Court, Green is **ORDERED** to file a clean version of the SAC, identical in substance to the redlined version filed at Dkt. 20-2, no later than **March 1, 2023**. The Forest Service must answer or otherwise respond by **March 15, 2023**.

**IT IS SO ORDERED**.

Dated:  February 27, 2023

*[signature]*
**Hon. Larry Alan Burns**
United States District Judge